GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR ∆
THOMAS M. RUSSO
THOMAS M. CANEVARI †
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*∆
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA°∆
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ**†
DANIEL J. FITZGERALD*†∆
MICHAEL C. ELLIOTT*

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CONNECTICUT
∆ALSO ADMITTED IN WASHINGTON, D.C.
°ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF

# FREEHILL HOGAN & MAHAR LLP

80 PINE STREET

NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE: (973) 623-5514
FACSIMILE: (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

November 13, 2007

**MEMO ENDORSED**

Our ref: 454-07/PJG/GMV



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/07

**BY HAND**
The Honorable Denise L. Cote
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
Room 1040
New York, New York 10007

RE:  Palomar Maritime Inc. v. Limana Equities Inc., Solana Shipping Ltd., Zenon Shipping Ltd. and Balehill Trading S.A.
07 CV 9723 (DLC)

Dear Judge Cote:

We represent Plaintiff Palomar Maritime Inc. in connection with the above-referenced Rule B maritime attachment action. We are writing to respectfully request that the Court issue an amended order of attachment and process so as to provide for the restraint of any assets moving in the name of Kiparis Inc., who clearly acts as the paying agent for Defendant Solana Shipping, and to submit for the Court's further consideration additional evidence on Kiparis' status as paying agent. The reasons for our request follow.

The underlying action concerns the breach of maritime contracts of ship management in relation to three vessels, including the M/T MONTE ROSSO, which is owned by Defendant Solana Shipping Ltd. Plaintiff Palomar was the technical manager for the vessels under the subject management contracts. The merits of the dispute are subject to London arbitration, which has been commenced by Plaintiff.

NYDOCS1/293694.1

November 13, 2007
Page 2 of 4

Our complaint was filed on Friday, November 2, 2007, against the named defendants and included a request for a Rule B order of attachment against each of the defendants, who are the owners of the vessels at issue. (A copy of the complaint is attached hereto as **Ex. A**). Additionally, we requested that an entity known as Kiparis Inc. be named in the order of attachment and process to the extent that assets move through this district to or from Kiparis in regard to debts to or by Defendant Solana Shipping. It is our position that the named defendant would possess a property interest in those assets, which interest is subject to attachment under Rule B.

Because Your Honor was unavailable at the time the application was sought, the application was submitted to and heard by Judge Sweet, as the Part I Judge. Judge Sweet issued the order of attachment on November 2, with respect to the four named defendants, but deleted the language which would have allowed the attachment to reach assets moving through this district to or from Kiparis in regard to debts owed to or by the named defendants. To date, no funds or other property have been restrained pursuant to the order. (A copy of the signed order and process is attached hereto as **Exhibits B & C**).

We respectfully request reconsideration of the aspect of the order which deleted the language regarding Kiparis. As outlined in our complaint and the exhibits thereto, we have information indicating that Kiparis makes payments on a regular basis on behalf of Defendant Solana Shipping Ltd. Indeed, Solana has represented that Kiparis acts as "commercial operator of Solana Shipping Ltd. and is also authorized to handle all commercial operations, **including management of money**, ...." (*See* Exhibit 4 to the complaint) (emphasis added). Kiparis' involvement is described in Paragraphs 5-8 of our complaint and evidence of its commercial management and paying agent status is reflected in Exhibits 4 and 5 to the Complaint. This evidence includes copies of several wire transfer details which clearly establish that Kiparis transfers funds on behalf of Solana in regards to the management of the M/T MONTE ROSSO.

Additionally, we are enclosing as **Exhibit D** hereto a copy of wire transfer details which show that as recently as 2 November 2007 Kiparis transferred funds in its name to satisfy debts owed by Solana Shipping as the owner of the MONTE ROSSO. The debt was owed to Atlas Shipping who are/were suppliers of provisions to the MONTE ROSSO. Atlas Shipping's demand for payment was satisfied with a payment via Kiparis.[1]

We submit that this evidence clearly demonstrates that Kiparis acts as paying agent and transfers funds for and on behalf of Defendant Solana in satisfaction of Solana's debts. The concept of paying agent is based upon the general principles of agency. *See generally Petrohawk Energy Corp. v. Law Debenture Trust Co.*, No. 06-cv-9404 (DLC), 2007 U.S. Dist. Lexis 5803 (S.D.N.Y. 1/29/07) (explaining the meaning of "paying agent" in a commercial context). In the maritime context, it is common practice for owners and/or charterers to utilize agents for the receipt of and/or payment of freight, hire or other assets. *Tarstar Shipping Co. v. Century Shipline Ltd.*, 451 F.Supp. 317, 324 (S.D.N.Y. 1978) (discussing the concept of "paying

---

[1] To the extent this document was not available at the time of our initial filing on November 2, we respectfully ask the Court for leave to supplement the complaint to add this document as part of Exhibit 5 to the complaint which contains the wire transfer information detailing Kiparis' involvement as a paying agent.

NYDOCS1/293694.1

2

FREEHILL HOGAN & MAHAR LLP

agent" in the maritime industry). As a consequence, these "paying agents" are often transferring sums from accounts in their own name, or receiving assets in accounts in their name, but they have no "interest" in the funds - the property interest being with the principal on whose behalf the funds are either being paid or received. Consequently, to the extent Kiparis acts as paying agent and transfers sums in its own name on behalf of Solana to satisfy Solana's debts, Solana retains a property interest in those sums.

We note that under current jurisprudence, it is well established that debts are attachable property under Rule B. Rule B provides in pertinent part that a maritime plaintiff may "attach the defendant's *tangible or intangible* personal property – up to the amount sued for – in the hands of garnishees named in the process." Rule B(1)(a) (emphasis added). In *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002), the Second Circuit, in determining the plain meaning of Rule B with regard to what property is attachable under the Rule, noted that "it is difficult to imagine words more broadly inclusive than 'tangible or intangible.' What manner of thing can be neither tangible nor intangible and yet still be 'property?'"

Courts both in the Second Circuit and nationwide, in interpreting the scope of attachable property under Rule B, have regularly found that if the defendant has any form of a recognizable interest in almost any type of property, it is attachable under the Rule. This includes any goods, chattels, credits, or effects of the defendant (*Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50 (2d Cir. 1965)), as well as intangible items, such as debts, even if they have not yet matured or have only partially matured (*Iran Express Lines v. Sumatrop, AG*, 563 F.2d 648 (4th Cir. 1977); *Cowles v. Kinzler*, 225 F. Supp. 63 (W.D.Pa. 1963)).

Courts have also regularly found that due to the broad language of the Rule, restrictions such as title or ownership do not control the scope of the attach-ability of property. Instead, any manner of interest in property is sufficient to permit restraint under Rule B. See, e.g., *Florida Conference Ass'n of Seventh-Day Adventists v. Kyriakides*, 151 F.Supp.2d 1223 (C.D.CA. 2001) (approving the attachment of part of a promissory note, despite the fact that the debt was not due or payable at the time, because the promissory note evidenced a debt which was "tangible or intangible property" under Rule B); *Linea Naviera de Cabotaje C.A. v. Mar Caribe de Navegacion C.A.*, 1999 U.S. Dist. LEXIS 22500 (M.D.FL. Nov. 18, 1999) (sustaining the attachment of the bank accounts of two companies arguably related to the defendants, on the basis that there were reasonable grounds to believe that the bank accounts were controlled by the defendant); *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 743 F.2d 956 (1st Cir. 1984) (affirming the maintenance of an attachment of a debt owed by a third party in Puerto Rico to the defendant); *Oil Transp. Co., S.A. v. Hilton Oil Transp.*, 1994 A.M.C. 2817 (S.D. Tex. 1994) (permitting attachment of arbitration award rendered in New York in favor of defendant).

November 13, 2007
Page 4 of 4

We also note that the practice of naming paying agents in maritime attachments is common, and for the Court's guidance, we enclose a copy of the orders of attachments in the following cases in which paying agents are identified in the order and process issued thereunder:

- *Blue Crocus Marine Ship. Ltd. v. Joint Stock Company Belarussian Ship. Co.*, 07-8222 (JSR)
- *Novorossiysk Ship. Co. v. Sun Energy Trading Ltd.*, 07-8017 (PAC)
- *Aquidneck Shipping Corp. v. Ocean and Oil Ltd.*, 07-8152 (RMB)
- *Ercan Denizcilik Limited Sirketi v. Progress Bulk Carriers Ltd.*, 05-9462 (GBD)
- *First Business v. Chinabraz*, 06-1980 (RMB)
- *Meridian Bulk Carriers, Ltd. v. Al Khalejia Local for Aggregate*, 06-3964 (JGK)
- *Whim Star Co. Ltd. v. China Minmetals Shipping Agency Co. Ltd.*, 06-8718 (WHP)
- *Pelican Navigation Ltd. v. Oceanchart Limited*, 06-13719 (LAP)

(*See* **Exhibit E** hereto, in which we have marked the relevant language in the orders).

In view of the foregoing, we respectfully submit that it would be appropriate for the order of attachment and process to be amended in this case, so as to provide for the restraint of any assets moving in the name of the paying agent Kiparis Inc. Otherwise, and as a practical matter, assets which are in the district for the benefit of Defendant Solana may circumvent the Court's order and process to the extent Solana continues to utilize Kiparis as a paying agent to effect money transfers. It is upon this basis that we apply to amend the order of attachment so as to direct the Clerk to issue a supplemental process of maritime attachment and garnishment (PMAG) to extend to any assets that "may be held, received, or transferred". (A copy of a proposed amended order and process is attached as **Exhibit F**).

We thank the Court for its attention to this matter and we remain available if the Court has any additional questions.

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

Peter J. Gutowski
Gina M. Venezia

GMV:lu

Enclosures

*Denied.*
*/s/ Denise Cote*
*November 19, 2007*